UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD ORTIZ, : | |
|     Petitioner, : | |
| : | |
| vs. : | Case No. 3:09cv349 (PCD) |
| : | |
| UNITED STATES OF AMERICA, : | |
|     Respondent. : | |

### RULING ON MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

Pending before the court is Petitioner Richard Ortiz's Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. [Doc. No. 1] Petitioner was sentenced on March 4, 2008 to 180 months incarceration and 8 years supervised release for his conviction, pursuant to a guilty plea, in 3:06cr268(PCD) of one count of possession with intent to distribute, and distribution of, 5 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Petitioner was also sentenced to a concurrent term of 94 months incarceration for his conviction, also pursuant to a guilty plea, in 3:07cr117(PCD) of one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The court determined that Petitioner was a career offender, found a guideline incarceration range of 262-327 months based on an adjusted offense level of 34 and a Criminal History Category VI, and imposed a non-guideline sentence of 180 months incarceration. Petitioner did not file a direct appeal.

Petitioner now argues that he was denied effective assistance of counsel in that his attorneys failed to challenge the calculation of his sentence based on the guidelines applicable to a conviction for crack cocaine rather than for powder cocaine. [See Doc. No. 1 at 8] Petitioner does not contest that he "[pled] guilty to one count of distribution of 5 grams or more of cocaine

base" [Doc. No. 1 at 6] or that he "stipulate[d] that the amount of drugs involved was 50 to 150 grams of cocaine base." [Doc. No. 1 at 7]  Instead, Petitioner contends that the statute under which he was sentenced is void for vagueness because it does not adequately define "cocaine base."  He maintains that because "All crack is cocaine base but not all cocaine base is crack," quoting United States v. Edwards, 397 F.3d 570, 571 (7th Cir. 2005), his guilty plea to distributing 5 grams or more of cocaine base does not constitute a guilty plea to distributing 5 grams or more of crack.

Petitioner's argument ignores the fact that at his plea hearing, he clearly pled guilty to the offense of distributing 5 grams or more of crack, rendering Petitioner's semantic distinction between cocaine base and crack irrelevant for purposes of this case.  The transcript of the October 4, 2007 plea hearing reveals that word "crack" was used nineteen (19) times as a description of the offense to which Petitioner was entering a guilty plea.  See Doc. No. 1378 in 3:06cr268(PCD).[1]  Given that Petitioner knowingly, repeatedly and under oath indicated his understanding that he was pleading guilty to distributing crack, he cannot now contend that he did not intend to plead to that offense and be sentenced accordingly.  While there may be a distinction in some instances between cocaine base and crack, in Petitioner's case, the terms were clearly used synonymously and interchangeably because there was no question that the substance

---

[1] For example:

| THE COURT: | So in this instance, what the government is claiming is that on February 22 -- February 2 of 2006, you had some material that contained crack cocaine, in your possession.  You understand that? |
|---|---|
| THE DEFENDANT: | Yes. |

(Plea Hearing Transcript at p. 20)

that Petitioner had distributed was indeed crack.  The court also explained to Petitioner that a conviction for crack would subject Petitioner to penalties greater than those imposed for powder cocaine.[2]  Petitioner stated that he understood, and did not raise any contention that his offense did not involve crack, as one would have expected if that were indeed his understanding.

The Government argues that Petitioner's argument is procedurally defaulted in that he did not raise it at his plea hearing or sentencing, or upon direct appeal, and seeks to raise it for the first time in this motion for collateral review. [Doc. No. 3 at 12-14]  The Government further notes that even if Petitioner's counsel had raised the argument now advanced by Petitioner, "any argument by counsel that the petitioner should have faced a lower Chapter Two guideline range under the powder cocaine guidelines would have failed because the Chapter Two guidelines did not apply at all in this case and were entirely superseded by the career offender guidelines under Chapter Four." [Doc. No. 3 at 14-15]

Petitioner did not suffer from ineffective assistance of counsel.  Petitioner's counsel did not fail to raise any non-frivolous argument on his behalf with respect to his plea or sentence.  For the reasons stated herein, Petitioner's Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. No. 1] is **denied**.

---

[2] THE COURT: Now, I would tell you that because crack cocaine is involved, as Mr. Elder probably has told you, the Congress has adopted certain provisions that would increase the sentence, in contrast with an offense that involved powder cocaine.  You know the difference between the two?
THE DEFENDANT: Yes.
THE COURT: Okay.  Well, in any event, the result is that a sentence for involvement with crack cocaine is greater than a sentence for powdered cocaine being involved.  You understand that?
THE DEFENDANT: Yes.
(Plea Hearing Transcript at p. 27-28)

SO ORDERED.

Dated at New Haven, Connecticut, April 16, 2009.

/s/_____
Peter C. Dorsey, U.S. District Judge
United States District Court