UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICHARD ORTIZ,
    *Petitioner,*
    v.
UNITED STATES OF AMERICA,
    *Respondent.*

Civil No. 3:09-cv-349 (JBA)

September 25, 2014

**RULING ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

On July 8, 2014, Plaintiff Richard Ortiz, incarcerated at USP Tucson, filed pro se a Motion [Doc. # 15] to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255.  In his Motion, Mr. Ortiz argues that he is entitled to relief in light of the June 2013 Supreme Court rulings in *Alleyne v. United States*, 133 S.Ct. 2151 (2013) and *Descamps v. United States*, 133 S.Ct. 2276 (2013).  The Government was not asked to respond to Mr. Ortiz's motion.

This is Mr. Ortiz's second petition under § 2255.  He filed his first petition [Doc. # 1] on March 3, 2009, arguing that he was denied effective assistance of counsel in violation of his Fifth and Sixth Amendment rights.  Judge Dorsey denied [Doc. # 6] that petition on April 16, 2009,[1] finding that Mr. Ortiz did not state a claim for ineffective assistance of counsel.

Section 2255 allows prisoners in federal custody to petition for their sentences to be vacated, set aside, or corrected.  Section 2255(a) states as the grounds for which relief can be provided: "[T]he sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . .

---

[1] Judgment [Doc. # 7] entered the following day.

. the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).  A prisoner may file a second or successive petition under 28 U.S.C. § 2255, but the petition must first be "certified as provided in §2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h).  In turn, §2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Where a "second or successive petition for habeas corpus relief or § 2255 motion is filed in a district court without the authorization by [the Second Circuit] that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to [the Second Circuit] in the interest of justice pursuant to § 1631." *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996), as amended (Oct. 7, 1996).  Although ordinarily, a court considering an application for a writ of habeas corpus will issue an order directing the government to show cause why the writ should not be granted, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." R. Governing § 2255 Proceedings 4(b).  Because it is plain that Petitioner has not previously received authorization from the Second Circuit to file a second petition, his motion will be TRANSFERRED to the Second Circuit.

IT IS SO ORDERED.

    /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 25th day of September, 2014.